UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INS. CO., et al., } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 4:22-cv-725-RDP |
| } | |
| DAVID J. BARROW, et al., } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant A.B.'s Motion to Dismiss or, in the Alternative, Motion to Abstain. (Doc. # 7). The Motion has been fully briefed. (Docs. # 10, 11). For the reasons discussed below, the Motion is due to be granted.

**I.    Background**

On February 13, 2015, in the Circuit Court of Madison County, Alabama, Case No. 47-CC-15-000912, *State of Alabama v. David Jacob Barrow*, David Barrow was indicted on six (6) counts of Human Trafficking First Degree, three (3) counts of Sexual Abuse of a Child Less than 12 Years Old, two (2) counts of Conspiracy to Commit Sexual Abuse of a Child Less than 12 Years Old, and one (1) count of Sodomy First Degree, for his inappropriate conduct toward A.B. ("the Criminal Action"). (Doc. # 1 at ¶ 12).

Barrow entered a plea of guilty to two (2) counts of Human Trafficking, a Class A Felony, related to his inappropriate conduct toward A.B., and was sentenced to imprisonment for a term of 30 years. (Doc. # 1 at ¶ 13).

On February 2, 2018, A.B., who was then a minor child, filed a civil lawsuit against Barrow in the Circuit Court of Marshall County, Alabama, by and through her father J.B. *J.B. v. David Jacobs Barrow*, Case No. 50-CV-18-900065 ("the Civil Action"). (Doc. # 1 at ¶ 14).

Plaintiff's counsel in the Civil Action sent a letter to Nationwide[1] advising Nationwide that if A.B. obtained a final judgment against Barrow in the Civil Action, A.B. would seek satisfaction of the judgment under David Barrow and Ann Barrow's insurance policies with Nationwide. (Doc. # 1 at ¶ 18). Thereafter, Nationwide filed a declaratory judgment action in this court asserting that Barrow was not entitled to a defense in the civil action or indemnification against any settlement, award, or judgment. (Doc. # 1 at ¶ 19; Case No. 4:19-cv-01019-ACA ("Dec. Action I")).

In Dec. Action I, the Honorable Annemarie Axon dismissed without prejudice the declaratory judgment claim on the duty to indemnify because it was not ripe. (Doc. # 1 at ¶ 24; Case No. 4:19-cv-01019-ACA, Doc. # 13). On February 9, 2021, Judge Axon entered judgment in favor of Nationwide on its declaratory judgment claim on the duty to defend, finding that Nationwide owed no duty to defend Barrow. (Doc. # 1 at ¶ 25; Case No. 4:19-cv-01019-ACA, Docs. # 38, 39). A.B. appealed, and the Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Case No. 4:19-cv-01019-ACA, Docs. # 42, 46). Thus, Dec. Action I is closed.

On April 11, 2022, in the civil action, a jury found Barrow liable for Invasion of Privacy and awarded A.B. $10 million dollars in damages. (Doc. # 1 at ¶ 22).

On June 8, 2022, after a judgment was entered against Barrow in the state court Civil Action, Nationwide refiled its declaratory judgment claim on the duty to indemnify issue ("Dec. Action II"). (Doc. # 1).

---

[1] Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide General Insurance Company.

On July 8, 2022, before being served with the Complaint in Dec. Action II, A. B. filed a Direct Action against Nationwide and Barrow in the Circuit Court of Marshall County, Alabama, pursuant to Ala. Code § 27-23-2, to obtain and apply the proceeds of Barrow's insurance policy with Nationwide to satisfy the judgment against Barrow. (Docs. # 6, 7-2). A. B.'s claim is related to the umbrella policy issued by Nationwide to Barrow. (Doc. # 7; Case 4:19-cv01019-ACA, Doc. # 30-14). The Direct Action encompasses the same insurance coverage dispute at issue in this declaratory judgment action – Dec. Action II. (Doc. # 7 at ¶ 10).

On October 12, 2022, Nationwide removed the Direct Action to this court. (Case No. 4:22-cv-01314-CLM, Doc. # 1). This declaratory judgment action (Dec. Action II) and the Direct Action are now pending before different judges on this court.

On October 18, 2022, Nationwide moved to consolidate Dec. Action II and the Direct Action. (Doc. # 14).[2] This court, having the first-filed of these two cases before it would be the appropriate court to determine whether to consolidate and/or coordinate the two actions and, if so, the details on such coordination. Before reaching that question, however, the court must address whether to entertain this declaratory judgment action.

**II.     Analysis**

A.B. argues that this declaratory judgment action should be dismissed under the court's discretionary authority to decline to entertain declaratory judgment actions.[3] (Doc.# 7). Nationwide argues that Dec. Action I (which is closed) and Dec. Action II should be consolidated

---

[2] Nationwide filed a previous motion seeking to consolidate Dec. Action I and Dec. Action II in Dec. Action I. (Case 4:19-cv01019-ACA, Doc. # 47). That Motion was denied because Dec. Action I was closed. (Case 4:19-cv01019-ACA, Doc. # 48).

[3] A.B. filed her Motion to Dismiss or Abstain while the Direct Action was pending in state court. The removal of that case to this court does not materially change the court's analysis. That is, the parties will litigate all the issues in dispute in the Direct Action.

and/or sent to Judge Axon, who handled Dec. Action I prior to its closure. (Doc. # 10 at 14). The court finds A.B.'s suggested approach preferable.

In this action (Dec. Action II), Nationwide seeks relief solely under the Declaratory Judgment Act, which *permits* federal courts to "declare the rights and other legal relations of any interested party" in a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). (Doc. # 1). "The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part that in 'a case of actual controversy ... any court of the United States ... *may* declare the rights and legal relations of any interested party seeking such declaration.'" *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021) (emphasis added). "As the permissive text suggests, a district court has discretion in deciding whether to entertain an action under the Act." *Id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995)). In other words,

> [t]he Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 [] (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 [] (1942).

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam).

In *Ameritas*, the Eleventh Circuit set out factors for district courts to consider in deciding whether to adjudicate, dismiss, or stay a declaratory judgment action under § 2201(a):

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*S. Heating & Cooling*, 12 F.4th at 1282–83 (quoting *Ameritas*, 411 F.3d at 1331). However, "the guideposts ... provided in *Ameritas* are not exhaustive; not all are required [to be considered]; and no one is controlling." *Id.* at 1286 (citing *Ameritas*, 411 F.3d at 1331). In *S. Heating & Cooling*, the Eleventh Circuit recently made clear "that the existence of a parallel proceeding is not a prerequisite to a district court's refusal to entertain an action under § 2201(a)[,]" and "a district court may exercise its discretion and decline to adjudicate a claim under the Declaratory Judgment Act even in the absence of parallel proceedings." *Id.* at 1284-85. The Eleventh Circuit also expressly declined to add "a discrete, parallel-proceeding factor" to the *Ameritas* guideposts. *Id.* at 1285.

Here, there are parallel proceedings pending in this court seeking to resolve the question of whether the policy issued by Nationwide to Barrow provides coverage for A.B.'s judgment against Barrow. Two cases are unnecessary, and this court is not bound to exercise jurisdiction over this declaratory judgment action. The parties will be able to fully resolve their controversy by litigating the Direct Action. "'[T]he Declaratory Judgment Act [] itself provides [a] district court with the necessary discretion'" to dismiss this duplicative action. *S. Heating & Cooling*, 12 F.4th

at 1282, n.2 (quoting *Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010)). Therefore, the court will do so.

### III. Conclusion

For the foregoing reasons, A.B.'s Motion to Dismiss or, in the Alternative, Motion to Abstain (Doc. # 7) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this October 24, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE